UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DOUGLAS EACHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. |
| | ) | |
| | ) | |
| BOB EVANS FARMS, INC., | ) | |
| d/b/a Bob Evans, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The Plaintiff, by counsel, alleges against the Defendant as follows:

1. The Plaintiff is Douglas Eachen, a resident of Allen County, Fort Wayne, Indiana at all material times to this Complaint.

2. The Defendant is Bob Evans Farms Inc., d/b/a Bob Evans, a company doing business at Jefferson Pointe, 1715 Apple Glen Boulevard, Fort Wayne, IN 46804. At all material times to this Complaint, the Defendant was an "employer" for the purposes of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. 1211 *et seq*. ("ADA").

3. The Plaintiff filed a Charge of Discrimination on January 20, 2015, a copy of which is attached hereto, incorporated herein, and made apart hereof as Exhibit "A".  The EEOC issues a Dismissal and Notice of Rights/Notice of Suit Rights on April 6, 2015, a copy of which is attached here and made a part hereof as Exhibit "B".  All administrative remedies have been exhausted and all jurisdictional prerequisites

have been met for the filing of this lawsuit.

4. The Plaintiff worked for the Defendant for approximately ten years until his wrongful termination on or about August 30, 2014. He had performed within the reasonable expectations of the employer at all material times to this The Plaintiff was over the age of 40 years old at the time of separation of employment (fifty seven years old), and had suffered from a serious medical condition constituting a disability/perceived disability/record of impairment under the ADA, during his employment. As a result of the Plaintiff's serious medical condition, at times he visibly shook.

5. By way of background: During the Plaintiff's first eight (8) years of employment by the Defendant, although he worked full time (forty hours per week), Defendant failed to categorize him as a full time employee and failed to provide him benefits available under the Company's Plan of benefits, such as health insurance coverage. For similarly situated employees under the age of 40 and/or who lacked medical conditions constituting a disability/perceived disability/record of impairment, the Defendant did provide benefits such as health insurance. Defendant repeatedly placed such similarly situated employees into full time positions that the Plaintiff was qualified to fill and categorized them as "full time" employees, but declined to move Plaintiff into such a position, then would typically begin providing them benefits.

6. The Defendant's treatment of the Plaintiff further worsened in 2013, when the Plaintiff received a new manager, who was in her twenties. The manager inquired about the Plaintiff's visible shaking, and commented to the Plaintiff's co-workers

"what's the matter with him? does he need a drink?" suggesting and assuming the Plaintiff was an alcoholic.  In reality the Plaintiff did not drink, smoke or use illegal drugs. Plaintiff had also previously informed Defendant and various other managers that he suffered from a medical condition that made him shake.

7. In October 2013, the Plaintiff missed two days of work due to his wife's death.  In response, the Defendant placed the Plaintiff on six months of probation, and cut his work hours in half.  In addition, at that time the Plaintiff had finally begun to receive benefits under the company Plan, but the Defendant took those benefits from him.

8. The same manager told the Plaintiff's co-workers that she thought her job was specifically to "find a way to get him (Plaintiff) fired".

9. When the Plaintiff learned that his new manager assumed he was an alcoholic due to his shaking the Plaintiff made it clear to them that this was not the case.  Around this same time another new manager was put in place over the Plaintiff. The new manager was substantially younger than Plaintiff.

10. On or about August 30, 2014, the Defendant terminated the Plaintiff, when one of the Plaintiff's managers told him to "go home and never come back", and that the Defendant was "just tired of him".  Plaintiff was, by information and belief, replaced with someone under the age of forty (40).

11. The proffered reason for termination was false and pretextual, and in reality the Plaintiff was discriminated against, retaliated against, and wrongfully terminated by Defendant on the basis of his age (over 40) and/or because he suffered from a serious medical condition that constituted a disability/perceived disability/record of

impairment. The Defendant's discriminatory and/or retaliatory conduct was in violation of the Plaintiff's federally protected rights under the ADEA and ADA, and was the direct and proximate cause of the Plaintiff suffering the loss of his job and job related benefits including income, as well as inconvenience, mental anguish emotional distress, and other damages and injuries.

12. The Defendant also failed to engage in the interactive process with the plaintiff and denied him reasonable accommodations both in violation of Plaintiff's rights under the ADA. Plaintiff was not assigned to duties that he could perform with his disability, even though he requested to be assigned to these duties.

13. The Defendants discriminatory and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the ADEA and/or ADA, warranting an imposition of damages (where available), and liquidated damaged (where available).

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant, for compensatory damages, punitive damages (where available), liquidated damaged (where available), reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

        Respectfully submitted,

        **CHRISTOPHER C. MYERS & ASSOCIATES**

        s/Ilene M. Smith
        Ilene M. Smith, #10043-02
        809 South Calhoun Street, Suite 400
        Fort Wayne, IN 46802
        Telephone:   (260) 424-0600
        Facsimile:    (260) 424-0712
        E-mail:       ismith@myers-law.com

IMS/jdg/nlo/tmc
S:\Eachen , Douglas\Pleadings\Complaint-D.Eachen- 5.27.15.docx